## Zellhart v. General Motors Corporation

*John P. Vetica Jr.*, for plaintiff.
*Mark A. Eck*, for defendant

WETTICK, *A.J.*, February 16, 1988 — In this lawsuit, plaintiff's claim is based on the Pennsylvania Automobile Lemon Law (Act of March 28, 1984, P.L. 150, 73 P.S. 1951 et seq.). The subject of this

opinion and order of court is defendant's preliminary objections in the nature of a demurrer which raise the issue of whether the fact situation described in plaintiff's complaint comes within the scope of the Automobile Lemon Law.

Plaintiff alleges that on November 18, 1985, she purchased a demonstrator Chevrolet manufactured by General Motors Corporation. At the time of delivery, the vehicle had been driven 5,796 miles. Plaintiff received a 12 month/12,000 mile "new car warranty." On July 13, 1986, the vehicle, while stopped at a red light, caught fire and was totally destroyed. The vehicle at that time had been driven 13,305 miles (the warranty covered 12,000 miles of additional use or 12 months from the date of purchase).

By a letter dated August 19, 1986, plaintiff advised defendant that she was seeking a refund of the purchase price including all collateral charges less a use allowance of 10 cents per mile, and demanded payment of $9,493.30. She received no payment. She then sought to exhaust the formal dispute settlement procedure established by defendant. By a letter dated November 2, 1986, she was advised that the procedure was not available to her. Thereafter, she instituted this suit to recover $9,493.30, together with interest, counsel fees, and costs of the suit.

The Automobile Lemon Law requires the manufacturer to repair or correct, at no cost to the purchaser, any nonconformity which substantially impairs the use, value, or safety of the vehicle within one year following delivery, 12,000 miles of use, or the term of the warranty, whichever may occur first.[1] 73 P.S. §1954(a). In this case, the nonconfor-

---

1. An automobile used by a manufacturer or dealer as a demonstrator or dealer car prior to sale comes within the protections of the Automobile Lemon Law. 73 P.S. §1952.

mity substantially impaired the use, value, or safety of the vehicle and this nonconformity occurred within the first year of delivery, 12,000 miles of use, and the term of the warranty.

The Automobile Lemon Law requires the purchaser to deliver the nonconforming vehicle to an authorized service and repair facility unless delivery cannot reasonably be accomplished. 73 P.S. §1954(b). In this case, delivery could not be reasonably accomplished because of the nature of the defect.

Purchasers are required to notify the manufacturer of the nonconformity if they are unable to return the nonconforming vehicle. 73 P.S. §1954(b). In this case, the purchaser informed the manufacturer through the August 19, 1986 letter.

The Automobile Lemon Law gives the manufacturer a reasonable opportunity to repair or correct the nonconformity. 73 P.S. §§1955, 1956. In this case, the vehicle cannot be repaired so the manufacturer cannot complain of the lack of reasonable opportunity to repair or correct the nonconformity.

When the nonconformity is not repaired or corrected, the manufacturer is required, at the option of the purchaser, to replace the vehicle with a comparable motor vehicle or to accept return of the vehicle and refund the full purchase price, including all collateral charges, less a reasonable mileage allowance for the purchaser's use of the vehicle not exceeding 10 cents per mile or 10 percent of the purchase price, whichever is less. When the consumer elects a refund, payment must be made within 30 days of the election. 73 P.S. §1955. In this case, the purchaser elected a refund by a letter dated August 19, 1986.

The Automobile Lemon Law authorizes suit for failure of the manufacturer to comply with the act.[2] It permits the purchaser to recover attorney's fees and all court costs. It also permits the purchaser to seek those remedies provided by the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 P.S. §§1958, 1961.

The facts as alleged in plaintiff's complaint describe a nonconformity that comes within the scope of the act, the failure of the manufacturer to comply with the act, and compliance by the purchaser with the requirements for bringing a civil action under the act. Defendant, however, argues that the Automobile Lemon Law does not apply to a nonconformity that has rendered the vehicle worthless because it was intended to cover only defects or conditions that appear to be capable of being corrected or repaired.

This construction of the act is inconsistent with its language which covers any nonconformity that substantially impairs the use, value, or safety of the vehicle. Also, if the legislature had intended to restrict the act to those defects that are apparently capable of being corrected, it would not have included section 10(b) of the act (73 P.S. §1960) which prohibits resale of a motor vehicle in the commonwealth if the nonconformity results in a complete failure of the braking or steering system of the motor vehicle likely to cause death or serious bodily injury.

---

2. If the manufacturer has established an informal dispute settlement procedure, the purchaser may not institute suit without first resorting to this procedure. 73 P.S. §1959. In this case, plaintiff sought to resort to the manufacturer's informal dispute settlement procedure and was advised that the manufacturer's settlement procedure was not available to her.

The Automobile Lemon Law provides remedies in addition to those offered by Article 2 of the Uniform Commercial Code (13 P.S. §2301 et seq.) and the Magnuson-Moss Warranty Act (15 U.S.C. §§2301-12). The buyer is given a choice of replacing the vehicle or obtaining a refund of the purchase price; there is a formula for determining the amount of the refund so the buyer is not required to litigate the issue of the amount of credit the manufacturer should receive for the buyer's use; the buyer is no longer required to keep a substandard vehicle and seek recovery of damages as the sole remedy; the refund must be paid within 30 days when the buyer elects this remedy; and in a successful court action, recovery includes counsel fees and other remedies provided for by the Pennsylvania Unfair Trade Practices and Consumer Protection Act (73 P.S. §201-1 et seq.). There is no reason why the legislature would have sought to restrict these remedies to only those buyers of automobiles with "less serious defects." The remedy provided for by the Pennsylvania Automobile Lemon Law — replacement or refund — does not punish the manufacturer for its failure to correct the defect. It does nothing more than make whole the buyer who did not receive an automobile that complied with warranty specifications. The remedy is equally appropriate for all buyers of defective automobiles.

For these reasons, we enter the following

## ORDER OF COURT

On this February 16, 1988, it is hereby ordered that defendant's preliminary objections are overruled.